United States District Court
Southern District of Texas
**ENTERED**
October 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GRECIA CARLENE MONTANEZ-GRANADO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-8858** |
| | § | |
| **MARTIN FRINK, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

# ORDER

Before the Court is Petitioner Grecia Carlene Montanez-Granado's Petition for Habeas Corpus (ECF No. 1) and the Federal Respondents' Motion for Summary Judgment (ECF No. 4). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I. BACKGROUND

The following facts are undisputed. Petitioner is a non-citizen from Venezuela who entered the United States on or about November 21, 2021 seeking asylum. *See* ECF No. 1 ¶ 26. Respondents issued a Notice to Appear ("NTA") charging Petitioner with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. ECF No. 4 at 2. Following her initial encounter with immigration authorities, ICE issued Petitioner an Order of Release on Recognizance and permitted her to remain in the community while pursuing her removal proceedings. ECF No. 1 ¶ 26. In 2024, Petitioner was also granted Temporary Protected Status. ECF No. 4-4 at 1.

On August 9, 2026, Petitioner was arrested following an incident where she was accused of taking merchandise from a store without paying for it. *See* ECF No. 1 ¶ 28. She was charged with misdemeanor theft, and on August 11, 2025, she was transferred from criminal custody to ICE custody. *Id.* at ¶¶ 30-31. On September 15, 2026, the State of Texas declined to prosecute the theft allegation and filed a formal Notice of Rejection. *Id.* at ¶ 33. She has been detained since August 11 without an individualized bond determination. *Id.* at ¶ 35. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 4 at 3.

## II. ANALYSIS

### A. RESPONDENTS' REQUEST FOR A STAY IS DENIED.

Respondents request that the Court stay its ruling on Petitioner's habeas petition in light of the Fifth Circuit's published order granting the Government's motion for stay of the district court judgments pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez v. Ortega*. *See Rodriguez v. Ortega*, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026) ("Appellants' opposed motion for stay of the district court judgments pending rehearing *en banc* is GRANTED."). On August 27, 2026, the Fifth Circuit published another order granting stays in the following consolidated cases pending the en banc resolution of *Rodriguez v. Ortega*: *Tolentino-Rodriguez*, *Gonzalez Gonzalez*, and *Perozo-Mata*. *See Tolentino-Rodriguez v. Blanche*, No. 26-20424, Dkt. 32, at 3 (5th Cir. Aug. 27, 2026) (per curiam).

The Fifth Circuit's published stay order in *Tolentino-Rodriguez v. Blanche* stays the appeal of three cases from this Court pending the resolution of *Rodriguez v. Ortega*. No. 26-20424, Dkt. 32, at 3 (5th Cir. Aug. 27, 2026) (per curiam). With due respect for the precedential authority of

the Fifth Circuit's published orders, this Court recognizes the controlling influence of the stay in those cases. *See* 5th Cir. R. 47.5 (published decisions are precedential). The Fifth Circuit has stayed those cases, and they shall remain so, pending the resolution of *Rodriguez v. Ortega*.

However, in the instant matter, Respondents are not asking to enforce the stay in one of those three cases. Instead, Respondents appear to argue that the Fifth Circuit's one-sentence order granting a stay of the underlying district court judgments in *Sosnava Rodriguez* and the similarly unexplained order in *Tolentino-Rodriguez* have the extraordinary effect of barring all district courts from granting habeas petitions by noncitizens detained pursuant to 8 U.S.C. § 1225(b)(2) on any due process ground.

In support of this proposition, Respondents rely on *Trump v. Boyle*, arguing that interim orders "inform how a court should exercise its equitable discretion in like cases[,]" and so this Court should stay the pending case, based on the Fifth Circuit's stay order. 145 S. Ct. 2653, 2654 (2025). However, this argument proves unavailing. The disposition of *Boyle* was "squarely controlled by *Trump v. Wilcox*, 605 U.S. ----, 145 S. Ct. 1415, 221 L.Ed.2d 985 (2025)," in which the Supreme Court weighed the risk of harm to the government against the risk of harm to the removed officer in reaching its determination on whether to issue a stay. *Id.* In other words, the Supreme Court's resolution of *Wilcox* provided reasoning and explanation from which lower courts could derive meaning and direction. That explanation is nowhere to be found in the Fifth Circuit's orders in both *Rodriguez v. Ortega* and *Tolentino-Rodriguez v. Blanche*.

The interim stay order from the Fifth Circuit is *not* a conclusive ruling on the merits. *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025); *Merrill v. Milligan*, 142 S. Ct. 879 (2022) (Kavanaugh, J., concurring) (finding that a stay order in a voting rights case does not change any underlying

substantive voting rights law). The Fifth Circuit itself has explained that "guess[ing] the meaning of unexplained grants of a stay" makes it "even more difficult rationally to order outcomes." *Selvage v. Lynaugh*, 842 F.2d 89, 94-95 (5th Cir. 1988), *vacated sub nom. on other grounds Selvage v. Collins*, 494 U.S. 108, (1990). In the face of uncertainty, the Fifth Circuit chose to "apply the settled law of our circuit until it is changed" in the pursuit of "rational and evenhanded justice." *Id*. at 95. Rather than accept the Respondent's invitation to speculate about the meaning of the Fifth Circuit's stay order, this Court joins its sister courts across the Fifth Circuit in applying the law as it currently stands. *See, e.g.*, *Angel Eduardo Chen Coy, v. Warden, et al.*, 5:26-cv-00774, 2026 WL 2597945, at *2 (S.D. Tex. Sep. 2, 2026) (Kazen, J.); *Alvarado Rodriguez v. Ortega*, 1:26-CV-1903-RP (W.D. Tex. Sep 1, 2026) (Pitman, J.); *Cedillo-Cedillo v. Warden, Richwood Correctional Center, et al.*, 26-2449, 2026 WL 2771517, at *5 (W.D. La. Sep. 17, 2026) (Edwards, Jr. J.); *Guerra Estrada v. De Anda Ybarra*, No. EP-26-CV-1897-KC, 2026 WL 2168090, at *1 (W.D. Tex. July 28, 2026) (Cardone, J.); *Rodriguez v. Blanche*, No. EP-26-CV-01769-DCG, 2026 WL 2221493 (W.D. Tex. Aug. 3, 2026) (Guaderrama, J.).

Respondents ask this Court to stay proceedings in the case at bar, which is entirely unrelated to the stayed cases. The factors that a district court must consider in determining whether to stay proceedings pending the resolution of a different case are laid out in *Landis v. North American Co*. 299 U.S. 248 (1936). The Supreme Court found that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," and the movant's burden is especially high "if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id.* at 255. Where the stay is likely to damage another's interests, the movant must show that letting the litigation proceed would cause "hardship or inequity," *id.*, and courts have held that "being

required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Rodriguez*, 2026 WL 2221493, at *13, *quoting Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 546 (5th Cir. 1983) ("Nor is there a showing that the difficulties inherent in the general situation, including potential judicial inefficiency, constitute a sufficient offset to the plaintiffs' rights to proceed without inordinate delay to a resolution of their claims").

Applying *Landis* to the present case, a detainee seeking habeas relief has a uniquely significant interest in receiving a prompt ruling with regards to his potentially unconstitutional detention, and he suffers great damage from a delay in his proceedings. *See Harris v. Nelson*, 394 U.S. 286, 291-92, (1969) (internal citations omitted) ("[H]abeas corpus is the great and efficacious writ, in all matter of illegal confinement. . . . [T]he office of the writ is to provide a prompt and efficacious remedy for whatever society deems to be intolerable restraints. . . . [A] habeas corpus proceeding must not be allowed to founder in a procedural morass.") While Respondents have argued their countervailing interest in avoiding the burden of litigation, the Fifth Circuit has pointed out that the "basic incident[s] of litigation" cannot meet the burden of a clear case of hardship or inequity that the movant must establish for a stay of proceedings in any case, much less a case where a detainee's liberty interest is at stake. *See In re Desoto Cnty.*, Mississippi, No. 26-60020, 2026 WL 147775 (5th Cir. Jan. 20, 2026). Accordingly, the case before the Court is not one of the "rare circumstances" where this extraordinary remedy is appropriate. *Landis*, 299 U.S. at 225.

The Fifth Circuit acknowledges that a district court does not "usurp" a higher court when it proceeds with other matters while a case with related legal issues awaits resolution in the court of appeals. *In re Desoto Cnty.*, 2026 WL 147775, at *2. "All federal courts—whether 'supreme'

or 'inferior'—are equally 'vested' with '[t]he judicial Power of the United States.'" *Id.* (quoting U.S. CONST. art. III, § 1). Incident to that power is the "duty . . . to say what the law is." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803). Thus, while the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez* is pending for an unknown period of time, district courts continue to have, not only the ability, but the obligation to resolve unrelated cases by applying the law as it stands. This Court rejects Respondents' invitation to anticipate the outcome of *Sosnava Rodriguez* without the Fifth Circuit's guidance. For these reasons, the Motion to Stay is denied.

**B. RESPONDENTS' DETENTION OF PETITIONER VIOLATES HER PROCEDURAL DUE PROCESS RIGHTS.**

Petitioner argues that her detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's detention violates her procedural due process rights, it declines to address the additional reasons that Petitioner believes her continued detention is unlawful.

The Court recently addressed a similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, 822 F.Supp.3d 762 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 822 F.Supp.3d at 768-770; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court has previously rejected Respondents' arguments concerning *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003). *Betancourth*, 822 F.Supp.3d at 766-769.The same is true of Respondents' argument regarding *Dep't of*

*Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4.

Respondents have not argued that Petitioner's criminal charges are the reason for her detention, instead asserting that his detention is justified because she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Regardless, the Court concludes that the conduct for which Petitioner was arrested cannot justify her detention without bond absent a finding, by clear and convincing evidence, that Petitioner presents a flight risk or a danger to her community. There was no such finding here. The Government "created a liberty interest in Petitioner's release under § 1226(a) when it made the decision to release her in [2022]," and "that release cannot be revoked arbitrarily and without due process." *Bethancourt*, No. 4:26-CV-01169, 2026 WL 638482, at *6; *see also J.U. v. Maldonado*, 805 F. Supp. 3d 482, 498 (E.D.N.Y. 2025) (ordering release where the petitioner was re-detained "with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("Indeed, given the nature of the constitutional violation [petitioner] sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment before [re-]detaining him—any post-deprivation review by an immigration judge would be inadequate."). Petitioner's re-detention thus violated her Fifth Amendment right to procedural due process, and release is the proper remedy.

## III. RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 72 hours pursuant to the terms of her prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas and must notify her counsel or next friend of the time and place of her release **no less than three hours** prior to her release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before October 20, 2026,** informing the Court of the status of Petitioner's release and Respondents' compliance with the provisions above.

Signed at Houston, Texas on October 16, 2026

Keith P. Ellison
United States District Judge